### BILLINGS MUT. TELEPHONE CO. v. ROCKY MOUNTAIN BELL TELEPHONE CO.

(Circuit Court, D. Montana.   July 15, 1907.)

#### No. 736.

TELEGRAPHS AND TELEPHONES—RIGHT TO USE OTHER LINES—MONTANA STATUTES.

Const. Mont. art. 15, § 14, provides that any person, or corporation organized for the purpose, "shall have the right to construct or maintain lines of telegraph or telephone within this state and connect the same with

other lines; and the legislative assembly shall by general law of uniform operation provide reasonable regulations to give full effect to this section." Civ. Code Mont. § 1001, after repeating such provision, provides that, "in case such persons or corporations cannot agree as to the compensation to be paid for the privilege of such connection, the acquiring of the right by the one to use the line of the other may be had * * * as provided in the Code of Civil Procedure." Code Civ. Proc. Mont. § 2213 (5), relating to proceedings under the right of eminent domain, provides that "all rights of way * * * and any and all structures and improvements thereon * * * must be subject to be connected with. * * * They must also be subject to a limited use, in common with the owner thereof, when necessary." *Held*, that under such provisions a telephone company operating a local exchange, on payment of compensation to be ascertained as provided by the statute, could require another company operating long distance lines to permit a connection with such lines, and also their "use," by receiving and forwarding messages through such connection from subscribers of the other company substantially as it did messages tendered by its own local subscribers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, § 16.]

O. F. Goddard, for complainant.
McIntire & McIntire and Geo. Y. Wallace, Jr., for defendant.

HUNT, District Judge  The plaintiff is a telephone company operating about 350 telephones in use in its exchange in Billings, Mont. The defendant owns and operates a long-distance telephone line and local exchanges in many cities within Montana. The defendant conducts a general long-distance telephone business, and maintains a local exchange business in the city of Billings  Plaintiff has endeavored to make some agreement with the defendant company by which it could connect its telephone line with the line of the defendant, so as to acquire the use of the long-distance line of the defendant for transmitting messages, for the convenience of the business of the plaintiff and its numerous customers, and for the convenience of the public generally in the city of Billings and throughout the state of Montana; but the defendant has refused to grant plaintiff the privileges of a connection and use of its line in any manner so as to allow plaintiff to connect its telephone system with the long-distance line of the defendant. The complaint asks the court to decree to plaintiff a right to connect its telephone line with the long-distance telephone line of the defendant at Billings, upon such terms and for such compensation as the court may deem just, and plaintiff prays that the court may proceed by law to determine the right to connect and the value of the service and use of defendant's line.

The defendant answered by admitting that the connection with and use of defendant's lines by the plaintiff would increase the revenue of the plaintiff and accommodate its customers; but it denies that the use of defendant's lines by plaintiff is necessary to the proper operation of the telephone line of the plaintiff, and alleges that such connection is desired by plaintiff to save it the great expense of building its telephone lines through the territory covered by the telephone lines of the defendant. It denies that connection of the lines of the plaintiff with those of the defendant would be a great or any convenience to the public generally in Billings; and alleges that the public generally would

not be afforded any greater facilities in the use of telephones, in event of the connection desired by plaintiff being made, than the public now have.  Defendant alleges that the plaintiff and the defendant have competing telephone lines in and about Billings, but that the defendant's lines reach through a large territory not reached by the lines of the plaintiff, and that the plaintiff seeks to have the use of defendant's lines throughout the sections of country not reached by plaintiff's lines, solely for the pecuniary benefit and business convenience of plaintiff. Defendant further avers that such connection and use by the plaintiff of defendant's lines are not authorized by law.  It alleges that the taking sought is not necessary, and that its lines are already appropriated to the public use, and that they cannot be taken or appropriated except for a more necessary public use, and that the connection and use sought are not authorized by the laws of the state of Montana.  For further answer, the defendant alleges that its telephone lines and system run into several states, so that telephone connection can be had by persons within the said several states, and that use of its lines at any times, and in any manner that the plaintiff might see fit to make use of them, without the intervention of the employés or other instrumentalities of the defendant, would greatly interfere with defendant's lines and business, and would result in great loss to it, and that defendant would be obliged to construct additional lines at great cost, and that foreign electrical currents would injure and destroy the property and business of defendant, and that such use and connection as plaintiff desires is against the laws of the state of Montana, and contrary to the provisions of the fourteenth amendment to the Constitution of the United States.

The plaintiff moved the court, under the pleadings, for findings under the provisions of title 7 of the Code of Civil Procedure of the state of Montana, entitled "Eminent Domain," and also asked the court to appoint three competent persons as commissioners to ascertain and determine the amount to be paid by the plaintiff to the defendant as damages, by reason of the appropriation and use by the plaintiff of the defendant's telephone lines at Billings, Mont.  Before the motion was submitted, the court requested the respective parties to produce testimony as to how, if at all, a connection could be had between the systems of plaintiff and defendant companies, and generally upon the technical matters involved in the proposed connection and use of the lines of the defendant by the plaintiff.  In accordance with this request by the court, a number of skilled telephone engineers and practical telephone men gave their testimony.  Thereafter argument was had, and the matter submitted to the court.

The constitutional and statutory provisions pertinent to the issues are as follows:

Section 9, art. 15, Const. Mont.:

"The right of eminent domain shall never be abridged, nor so construed as to prevent the legislative assembly from taking the property and franchises of incorporated companies, and subjecting them to public use the same as the property of individuals; and the police power of the state shall never be abridged, or so construed, as to permit corporations to conduct their business in such manner as to infringe the equal rights of individuals, or the general well being of the state."

### Section 14, art. 15, Const. Mont.:

"Any association or corporation, or the lessees or managers thereof, organized for the purpose, or any individual, shall have the right to construct or maintain lines of telegraph or telephone within this state, and connect the same with other lines; and the legislative assembly shall by general law of uniform operation provide reasonable regulations to give full effect to this section. No telegraph or telephone company shall consolidate with, or hold a controlling interest in, the stock or bonds of any other telegraph or telephone company owning or having the control of a competing line, or acquired by purchase or otherwise, any other competing line of telegraph or telephone."

### Section 1001, Civ. Code Mont.:

"Any association or corporation, or the lessees or managers thereof, organized for the purpose, or any individual, shall have the right to construct and maintain lines of telegraph or telephone within this state, and connect the same with other lines, and in case such persons or corporations cannot agree as to the compensation to be paid for the privilege of such connection, the acquiring of the right by the one to use the line of the other may be had in proceedings under the Code of Civil Procedure and the damages assessed, and the right of connection granted, as provided in the Code of Civil Procedure."

### Code Civ. Proc. § 2211:

"Subject to the provisions of this title, the right of eminent domain may be exercised in behalf of the following public uses: * * * (7) Telephone or electric light lines."

### Code Civ. Proc. § 2212:

"The following is a classification of the estates and rights in lands subject to be taken for public use: (1) A fee simple when taken for public buildings or grounds or for permanent buildings, for reservoirs and dams, and permanent flooding occasioned thereby, or for an outlet, for a flow, or a place for the deposit of débris or tailings of a mine. (2) An easement, when taken for any other use."

### Code Civ. Proc. § 2213:

"The private property which may be taken under this title includes: * * * (5) All rights of way for any and all the purposes mentioned in section 2211, and any and all structures and improvements thereon, and the lands held and used in connection therewith must be subject to be connected with, crossed, or intersected by any other right of way or improvements or structures thereon. They must also be subject to a limited use, in common with the owner thereof, when necessary; but such uses, crossings, intersections, and connections must be made in manner most compatible with the greatest public benefit and least private injury. (6) All classes of private property not enumerated may be taken for public use, when such taking is authorized by law."

### Code Civ. Proc. § 2214:

"Before property can be taken it must appear: (1) That the use to which it is to be applied is a use authorized by law. (2) That the taking is necessary to such use."

### Code Civ. Proc. § 2220:

"The court or judge has power: (1) To regulate and determine the place and manner of making the connection and crossings, and employing the common uses mentioned in subdivision 5, section 2213, of this title, and of the occupying of canyons, passes and defiles, for railroad purposes, as permitted and regulated by the laws of this state, or of the United States. (2) To determine whether or not the use for which the property is sought to be appropriated, is a public use within the meaning of the laws of this state. (3) To limit

the amount of property sought to be appropriated, if in the opinion of the court or judge, the quantity sought to be appropriated is not necessary. (4) If the court or judge is satisfied that the public interests require the taking of such lands, it or he must make an order appointing three competent persons, residents in said county, commissioners to ascertain and determine the amount to be paid by the plaintiff to each owner or other person interested in such property, as damages, by reason of the appropriation of such property, and specify the time and place of the first meeting of such commissioners, and fixing their compensation. Any party may object to the appointment of any person as a commissioner on the same grounds that he might object to him as a trial juror."

It is very clear that plaintiff has a right, under the Constitution of the state (section 14, art. 15), to connect its telephone line with defendant's. "Full effect," by uniform law providing reasonable regulation, is required to be given to the provision giving the right to connect. Certainly some force and effect to this constitutional right of connection were intended by the action of the legislative assembly in enacting section 1001, Civ. Code, proceeding under the mandate of the Constitution. The question is therefore: What effect has been given, and to what extent has legislative action been had?

A mere physical connection of telephone systems is of no advantage, unless right of use is enjoyed. By the very nature of the property, the only substantial way to enjoy the connection is to be able to use the lines when connected. I am disposed to think, upon full consideration, that the right of connection granted by the Constitution means in telephony more than mere mechanical union, and contemplates use as a necessary incident to the right to connect, and that the statute, in employing the word "use," might be accepted as an interpretation of the constitutional right of connection. But, if my interpretation of the constitutional authority is too broad, it cannot be doubted that the Legislature kept within its power when it provided for acquiring a right of use, even though such right might be an extension of constitutional authority. Atchison, Topeka & Santa Fé Ry. Co. v. Denver & N. O. R. R. Co., 110 U. S. 667, 4 Sup. Ct. 185, 28 L. Ed. 291.

The right to be acquired must be regarded in its relation to the character of the thing used, and, while rights of property should always be scrupulously protected, by strict construction of laws conferring power of appropriation of the property of a person for public use, no construction of a substantial privilege should be adopted which, in its practical effect, would deny the benefit expressly and clearly intended. I think that the use that may be acquired by the plaintiff company is such as is practicable by a connection like that had in the every day service with defendant's own connections. This is feasible by a plan of trunking between the exchanges, where the respective switch or toll boards are maintained. The defendant company would then receive the business from the plaintiff as it now receives business coming from one of its own subscribers. Electricians of experience say that it is neither against scientific rules, nor uncommon, in practical telephony, to find one telephone plant connected with toll lines of other systems; that the matter of current is practically the same in talking on all systems; and that, if the established circuits cannot do the business, the method of taking care of increased business or an overload is by string-

ing more circuits. The operators of defendant company would have to be made use of to make such service practical; the additional service that the defendant's operators would have to perform being that of "plugging in," answering, and getting the connection. But, in effect, the same process is required to be used for a patron of the defendant company's exchange, so that the question is really resolved into one of detail, and is not one of practicability. It may even be that, owing to possible differences in the switchboards of the two companies, an auxiliary apparatus will be necessary; but that is also a matter of mechanical adjustment, not unusual or at all difficult of arrangement.

The right to use is the thing the law has said may be acquired. Therefore, where appropriate proceedings are instituted, as in this case, it is this right of use that is to be acquired; and the reasonable, practical method by which the right may be enjoyed is use by a connection made so that the one company, by its operators, may call the operators of the other company, which must receive the long-distance business of the subscribers of the plaintiff company and care for the same very much as it would like business of its own patrons. In other words, where two companies owning different lines of telephones in Montana cannot agree upon the compensation for the privilege of connection and use, the law of Montana obliges the one to submit to connection with the other, and (upon payment of damages to be assessed), to accept a patronage, and to submit to a necessary use that it might not wish to accept or allow, and probably could not be compelled to accept or allow, were it not for the provisions of the Constitution and laws of the state.

It would be too narrow a view of the constitutional provision and the law to say that right of connection and use is satisfied by mere physical union of the telephone wires and mere adjustment of the same. Right of connection and use means the privilege of having the business proffered accepted and efficiently cared for by the receiving company, through its agents or operators, substantially as would be the business proffered by one of its own subscribers.

No questions of complicated traffic arrangements enter into the consideration of the matter as it now stands before the court. Difficulties of such a nature may arise hereafter, but they can be surmounted when the principle is recognized that the spirit of the Constitution and the letter of the laws of the state, in which defendant operates its lines, compel it, under its primal duty to the public, to yield to the right of plaintiff company to connect its line with defendant's, and to enjoy the use thereof in a reasonable and effective way, provided, of course, damages are paid, as required by law. Atlantic Coast Line R. Co. v. N. C. Corporation Commission (June 1, 1907) 27 Sup. Ct. 585, 51 L. Ed. 933; Campbellsville Tel. Co. v. Lebanon L. & L. Tel. Co., 80 S. W. 1114, 84 S. W. 518, 118 Ky. 277.

From these views it follows that plaintiff is within its rights when it invokes the power of eminent domain for proposed long-distance telephone connections, which constitute a clearly defined public use. The use sought is convenient and of great benefit to the public. There will be no taking in the sense of exclusion of defendant company from enjoyment or control of its property; but rather a limited use such as a

company operating a telephone system offers to and necessarily surrenders to a patron when its lines are being used for conversation.

Defendant, having erected its system subject to reasonable impositions that might be put upon it by the Constitution and laws of the state, is under a duty to allow such a connection and use as is outlined above.

The motion is granted.